# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

GARY L. GAINES, )
)
        **Plaintiff,** )
)
vs. ) Case No. CIV-09-190-JHP-SPS
)
UNITED STATES MARSHAL'S SERVICE, )
*et al.*, )
)
        **Defendants.** )

## OPINION AND ORDER

On December 8, 2009, Plaintiff, appearing *pro se*, filed an Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983. This matter comes on for decision of the Motion to Dismiss Party Muskogee County (Doc. 57) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against the County. Plaintiff filed his Response objecting to said motion on January 21, 2010 (Doc. 72). Additionally, on January 6, 2010, Plaintiff filed a Motion to Amend (Doc. 64) in which he requests leave to amend his complaint, in response to Proposition I of the County Defendant's Motion to Dismiss, to change the name of the county defendant to the "Board of County Commissioners of the County of Muskogee" in lieu of Muskogee County. On January 13, 2010, an objection was filed to Plaintiff's Motion (Doc. 68).

Plaintiff brings this civil rights action alleging violations of his constitutional rights while he was housed within the Muskogee County Detention Center. Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A civil rights claim should be dismissed only where it appears that the plaintiff could prove no set of facts entitling him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1516 (10th Cir. 1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th

Cir. 1981)). In reviewing a claim for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must be presumed true and construed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A *pro se* litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, the district court can not assume the role of advocate for a *pro se* litigant and should dismiss claims that are supported by vague or conclusory allegations. *Hall*, 935 F.2d, at 1110.

In this case, Plaintiff filed his Second Amended Complaint on December 8, 2009. In this Complaint, Plaintiff names "Muskogee County" as one of several defendants stating that the county defendant is the "Employer of the Sheriff whom they are responsable (sic) for His acts." Second Amended Complaint, Doc. 48 at p. 3. Additionally, Plaintiff asserts that the county defendant is responsible for the hiring of the sheriff. *Id.* In the county's motion to dismiss, three arguments are raised to support dismissal against the county. First, the county asserts that Plaintiff has, pursuant to OKLA. STAT. TIT. 19, § 4, not followed the statutory requirements in suing the county. That statue provides, in pertinent part: "In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of _____ _,' . . . . ." The Oklahoma Supreme Court has held that the requirements of § 4 are mandatory. *Green Const. Co. v. Oklahoma County, OK*, 50 P.2d 625, 627 (Okla. 1935). Where the county is not properly named as provided in § 4, any summons and served does not confer jurisdiction over the county. *Id.* While this defect could be corrected by granting Plaintiff's Motion to Amend (Doc. 64), allowing such an amendment in this case would not accomplish anything because the county is not the final policymaker for the county detention facility. Rather, the Sheriff of Muskogee

2

County is the official policymaker for the jail, *see* OKLA. STAT. tit. 19, §§ 131 and 513, and the Plaintiff has already named the Muskogee County Sheriff in his official capacity as a defendant herein.

Additionally, to the extent Plaintiff may be asserting state law tort claims against the county, said defendant is immune from liability pursuant to the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 19, §§ 151, *et. seq.* Specifically, § 155(24) provides that a governmental entity shall not be liable for "[p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility . . . . . ."[1] *See*, *Medina v. State*, 871 P.2d 1379 (Okla. 1993) and *Horton v. State*, 915 P.2d 352 (Okla. 1996). Since Plaintiff alleges he was denied medical care while in the custody of the Muskogee County Detention Center, Plaintiff's claims clearly arose in the context of the operation of the Muskogee County Detention Center and, as such, the County is immune from any state law tort claims.

Accordingly, for the reasons set forth herein, Defendant Muskogee County's Motion to Dismiss (Doc. 57) is hereby **GRANTED** and it is hereby ordered that the Plaintiff's claims against Muskogee County are dismissed with prejudice. Further, Plaintiff's Motion to Amend (Doc. 64) is **DENIED**.

It is so ordered on this   22nd   day of March, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1] While this section appears to have been repealed by 2010 Okla. Sess. Laws on March 3, 2010, at the time the incidents alleged in Plaintiff's Second Amended Complaint arose, the county was immune from liability under this statute.

3