# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. GAINES, )<br>)<br>          **Plaintiff,** )<br>)<br>vs. )<br>)<br>UNITED STATES MARSHALS )<br>SERVICE, et al., )<br>)<br>)<br>          **Defendants.** ) | Case No. CIV-09-190-JHP-SPS |

## OPINION AND ORDER

This matter is before the court on a motion to dismiss plaintiff's second amended complaint by Defendants United States Marshals Service, Attorney General of the United States, Federal Bureau of Prisons, and the United States Attorneys Office. These defendants allege the court lacks subject matter jurisdiction, and the plaintiff has failed to state a claim upon which relief may be granted.

**Background**

Plaintiff, a federal prisoner in the custody of the Federal Bureau of Prisons, brings this lawsuit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671-2680; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States; and 42 U.S.C.§ 1983. He claims he was delivered to the Muskogee County Detention Center on May 26, 2007, with a week's worth of heart medication, Prozac, medication for panic attacks, and a mood stabilizer. He alleges he ran out of medication on June 2, 2007, and he suffered another heart attack on June 2-3, 2007. He further asserts that because of his previous litigation against

the defendants, he was left on the cell floor all weekend without any medical attention. According to plaintiff, some of his prescriptions were filled on the afternoon of Monday, June 4, 2007. His prescription for panic attacks was not filled, allegedly causing him mental suffering and preventing him from assisting his attorney with his federal criminal case.

**Federal Tort Claims Act**

The Federal Tort Claims Act contains the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). In *Oxendine v. Kaplan*, 241 F.3d 1272 (10th Cir. 2001), the Tenth Circuit Court of Appeals indicated that the United States is the only proper defendant in a federal tort claims action. *Id*. at 1275 n.4. *See also Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S.Ct. 1142 (2010). Accordingly, the United States Marshals Service, the Attorney General of the United States, the Federal Bureau of Prisons, and the United States Attorneys Office are not proper party defendants for claims arising under the Federal Tort Claims Act.

Plaintiff has filed a "Motion Showing Plaintiff has Served the United States of America, an [sic] has Identified Many Constitutional Claims" [Docket #95]. He apparently is attempting to overcome his failure to name the United States as a proper defendant, claiming that by naming the federal defendants, he intended to show he also was suing the United States. Although the federal defendants have asserted that they would not contest service to the proper party, which is the United States of America, plaintiff has failed to do so. Therefore, all Federal Tort Claims against the federal defendants are dismissed, because they are not proper parties under the Federal Tort Claims Act.

*Bivens* **Claim**

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that a petitioner who has suffered a violation of constitutional rights may recover money damages from a federal agent pursuant to 42 U.S.C. § 1983. A *Bivens* claim cannot, however, "be asserted directly against either the United States or federal officials in their official capacities or against federal agencies." *Smith*, 561 F.3d at 1093. Plaintiff has not named any individual federal employee who violated his constitutional rights. Instead, he alleges in his second amended complaint that he was "in the custody of the United States Marshals Service (USMS) for the United States Attorney General (AG), through the Federal Bureau of Prisons (BOP) at the Muskogee Countey [sic] Detention Center (MCDC) ran [sic] under the care of Charles Pearson--the sheriff whom [sic] is responseable [sic] for the actions of his staff . . . ." [Docket #48 at 4].

The personal participation of a defendant is required to support a *Bivens* claim. *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948 (2009). Furthermore, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id*. Because a *Bivens* claim cannot be asserted against federal agencies, and plaintiff has not shown the personal participation of any of the federal defendants, the court finds plaintiff has failed to state a claim for relief under *Bivens*.

**Section 1983 Claim**

Plaintiff brought this civil rights action alleging violations of his constitutional rights while he was housed within the Muskogee County Detention Center. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives

another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (citing 42 U.S.C. § 1983). A civil rights claim under § 1983 should be dismissed only where it appears that the plaintiff could prove no set of facts entitling him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). In reviewing a claim for dismissal under Fed.R.Civ.P. 12(b)(6), all of the factual allegations in the complaint must be presumed true and construed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). As a *pro se* litigant, plaintiff's pleadings are held to less stringent standards than those drafted by lawyers, and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, the district court cannot assume the role of advocate for a *pro se* litigant and should dismiss claims that are supported by vague or conclusory allegations. *Hall*, 935 F.2d at 1110.

With the exception of the United States Attorney General, plaintiff does not identify any individual within any of the named federal agencies who allegedly deprived him of his constitutional rights. There are two essential elements for a cause of action under 42 U.S.C. § 1983. "First, the plaintiff has to prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant . . . acted 'under color of law.'" *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (footnote omitted). Plaintiff also must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. Because plaintiff has not alleged that any individual federal defendant deprived him of his constitutional rights, he has failed to state a claim for relief under § 1983.

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft*, ___ U.S. at ___, 129 S.Ct. at 1949 (internal citation omitted). *See also Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002). The court finds that even if plaintiff had named specific individuals within the named federal agencies, his allegations are conclusory and do not state a cause of action. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim"). After reviewing all the allegations in the second amended complaint, the court finds plaintiff has failed to allege any facts indicating any of the federal defendants caused or participated in the alleged constitutional violations. Specifically, plaintiff alleges no facts indicating any of the federal defendants participated in any decisions regarding the medical care or the conditions of confinement within the Muskogee County Detention Center. Because the second amended complaint fails to state a claim for relief against the United States Marshals Service, the Attorney General of the United States, the Federal Bureau of Prisons, or the United States Attorneys Office, the motion to dismiss filed by these defendants should be granted.

**ACCORDINGLY,** Defendants United States Marshals Service, the Attorney General of the United States, the Federal Bureau of Prisons, and the United States Attorneys Office's motion to dismiss [Docket #79] is GRANTED, and these defendants are DISMISSED from this action. Plaintiff's motion showing he has served the United States of America an[d] has identified many constitutional claims [Docket #95] is DENIED as moot.

**IT IS SO ORDERED** this 17th day of March 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma